# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | Criminal Case 21-CR-28 |
| v. | ) | |
| | ) | Judge Amit P. Mehta |
| WILLIAM ISAACS | ) | |
| Defendant | ) | |

## WILLIAM ISAACS' RESPONSE TO GOVERNMENT'S MOTION TO COMPEL

Defendant William Isaacs, through the undersigned counsel, hereby responds to United States' Motion to Compel Production of Records and for Examination by Government Expert (Doc. 779) ("Motion") as follows:

1. <u>The Order Compels An Unfairly Prompt Deadline</u>

With the utmost respect for this Honorable Court, Mr. Isaacs' response has been rushed because of several factors.  First, on December 19, 2022 (10:30 a.m.), this Court ordered Mr. Isaacs to respond to the Government's Motion at the end of the day on which the order was entered.  We respectfully submit that the time by which Mr. Isaacs was to respond was unreasonably short and unprecedented in this matter.  The undersigned[1] are at a disadvantage this week because of vacations, staff shortages, travel, and other demands from both the present and the imminent religious holidays.

Moreover, the prejudice from the unreasonably short response period (7.5 business hours) was exacerbated because the undersigned did not have an opportunity

---

[1] Charles M. Greene is the "undersigned" who drafted and is referred to in this Response, as he is handling expert disclosures made on behalf of Mr. Isaacs.

to review the Motion until after 4:00 p.m. today (December 19) because he was traveling and had no e-mail capability because of a phone malfunction.  In addition, the undersigned had a deposition scheduled to begin at 5:00 p.m. today.

Still further exacerbating the situation is the disparate resources of the Government and the defense.  The undersigned is acting *pro bono*.  He is representing Mr. Isaacs -- a twenty-one-year-old student suffering from an autistic disorder because he believes in his innocence.

In addition, the undersigned has been exceedingly respectful to this Honorable Court and has not filed or been part of any disrespectful diatribes.  However, the Order appears to have punitive ramifications on the ability of Mr. Isaacs to adequately respond.

   2.     The Motion Was Unnecessary

The Government has known – since before it even charged Ms. Isaacs – that Mr. Isaacs suffers from an autistic disorder that he claims affected his conduct and ability to comprehend the chaotic events into which he was thrust on January 6, 2020.  Consistent therewith, on November 15, 2022, Mr. Isaacs timely filed his expert disclosure of Dr. Laurie Sperry.

Despite Mr. Isaacs' November 15 disclosure, the Government did not request any expert data until just three days before it filed its Motion.  On December 13--the very same day he received and reviewed the Government's request for expert data and an interview of Mr. Isaacs--the undersigned responded and advised the Government as follows:

"The answer to your question about experts is that we will give you everything the rules require as quickly as we can and will make everything as convenient as we can. Give me a day to respond in more detail to Jeff's [Nestler] related e-mail while I do some quick research so that we comply with our duties to Mr. Isaacs, and he complies with his duties to you."

The next day, the undersigned advised the Government:  "My expert is out of country in different time-zone and I have no mobile device.  I am having logistical issues.  Please bear with me."  The undersigned further advised that he was trying to schedule a conference with Dr. Sperry but "[I] cannot answer your questions without speaking to her."  Two days later, without further conferring, the Government filed its Motion, on a Friday evening, after the undersigned had left town for travel where he was out of electronic contact.

Simply put, the Motion was unnecessary.  Mr. Isaacs did not refuse to submit to an interview.  Mr. Isaacs' counsel confirmed to the Government that he would comply with the obligations that accompany an expert disclosure.  In other words, this matter could easily have been resolved with a few phone calls.  Mr. Isaacs' defense team has been very professional and courteous in its dealings with the Government.

Equally important, Mr. Isaacs' undersigned counsel cannot schedule a date for the interview of Mr. Isaacs until he can confirm that his own expert is also available that day.  Nor could the defense produce the expert data requested because it simply does not have it.  Dr. Sperry has her own data.  She is in an extremely remote area of the

world—the back country of Vietnam, and unreachable at this time.  Moreover, we understand that she does not return to the United States until December 27, 2022. Again, counsel does not possess Dr. Sperry's data and cannot possess such data until she returns from Vietnam.

      3.  <u>Mr. Isaacs Will Comply With His Obligations Under Fed. R. Crim. P. 12</u>

The defense should not be punished because the Government waited until the last minute to request the interview and data it now says it so urgently needs.  Nor should the Government be allowed to select unilaterally the date on which the interview or disclosures are required.  Counsel confirms that he will comply with the obligations under Rule 12.

      A.  <u>Mr. Isaacs Will Submit to Independent Medical Examination ("IME")</u>

As he thought he had already advised the Government, Mr. Isaacs will submit to an IME by the Government's expert.  Nonetheless, Mr. Isaacs is permitted to have his own expert present during that interview and he needs to confirm her availability. In addition, the Government's expert cannot make any case specific or other inquiries that would implicate and/or violate Mr. Isaacs' Fifth Amendment privileges.

If Dr. Sperry is available on January 6, 2023, then Mr. Isaacs will present for an IME on that date; however, the Government should not be allowed to select the arbitrary date of January 6 for the interview of Mr. Isaacs just because that is, allegedly, the only date which is convenient for its own expert.

Dr. Sperry will be back in the United States on December 27, 2022.  The undersigned will make a good faith effort to advise the Government no later than

December 29 as to whether the IME can take place on January 6.  If January 6 is not convenient, then the undersigned will provide the Government with two alternative dates (within January 1-15, 2023) on which the IME can occur.

      B.  <u>The Defense will Disclose All Expert Data Required</u>

The Government simply cites a California federal district court opinion for its conclusions of law.  While the undersigned generally agrees with the *Holmes* decision, the language of that decision goes too far to the extent it requires an expert to produce everything he or she "created".  In fact, as the undersigned understands the controlling law, experts are not required to produce drafts or communications that they did not consider or rely upon in formulating or presenting their opinion.

On or before January 6, 2023, Mr. Isaacs will provide to the defense all of the notes, records, and other data that Dr. Sperry relied on, considered and/or intends to present at trial.  Mr. Isaacs requests that this Court enter an Order accordingly.

4.  <u>Conclusion</u>

For the reasons set forth above, we respectfully ask this Honorable Court to Order the following:

A.      Mr. Isaacs shall submit to an IME by the Government, at which Mr. Isaacs' own expert can be present.  The Government's expert shall not make any case specific or pother inquiries that would implicate and/or violate Mr. Isaacs' Fifth Amendment privileges;

B.      Mr. Isaacs shall advise the Government by December 29, 2022, as to whether an IME of Mr. Isaacs will occur on January 6, 2023.  If that date is

not convenient, then he shall provide the Government with two alternative dates (within January 1-15, 2023), on which the IME can occur;

C.      On or before January 6, 2023, Mr. Isaacs will provide to the Government all of the notes, records, and other data that Dr. Sperry relied on, considered, and/or intends to present at trial; and

D.      In all other respects, the Government's Motion should be denied.

Monday, December 19, 2022                    Respectfully submitted,

Gene Rossi, Esquire
Virginia Bar Number 93136
Carlton Fields, P.A.
Suite 400 West
1025 Thomas Jefferson Street, NW
Washington, DC 20007-5208
Telephone: 202-965-8119
Email: grossi@carltonfields.com

Natalie A. Napierala, Esquire
New York State Bar Number 2445468
Carlton Fields, P.A.
36th Floor
405 Lexington Avenue
New York, NY 10174-0002
Telephone: 212-785-2747
Email: nnapierala@carltonfields.com

_____/s/_____
Charles M. Greene
Florida Bar Number 938963
Law Offices of Charles M. Greene, P.A.
55 East Pine Street
Orlando, FL 32801
Telephone: 407-648-1700
Email: cmg@cmgpa.com

*Counsel for Defendant William Isaacs*

## **CERTIFICATE OF SERVICE**

I hereby certify that **WILLIAM ISAACS' RESPONSE TO GOVERNMENT'S**

**MOTION TO COMPEL** was filed with the Clerk of the Court via ECF on Monday,

December 19, 2022.

Respectfully submitted,

_____/s/_____
Gene Rossi, Esquire