UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     Plaintiff ) | Criminal Case 21-CR-28 |
| ) | |
| v. ) | Hearing: February 3, 2023 |
| ) | |
| WILLIAM ISAACS ) | Judge Amit P. Mehta |
|     Defendant ) | |

## MOTION TO CURE RIGHT TO COUNSEL AND DUE PROCESS VIOLATIONS

COMES NOW Defendant William Isaacs, by and through his counsel, and hereby files a motion with this Honorable Court to cure violations of his rights to effective assistance of counsel and due process. With the utmost respect for the Court, such violations will create undue prejudice and deny him and others a fair trial. We anticipate that this motion will be joined by the other defendants. We respectfully ask that the Court hear this motion on February 3, 2023 (1:30P), if not sooner.

Mr. Isaacs understands that the Court has made a decision (in good faith and undoubtedly well-intentioned) to impose significant limitations on the available space and configurations of its current courtroom: that is, just *one* table for all defendants and one counsel for each. Mr. Isaacs firmly believes that the proposed "one-table" set-up inside the courtroom for him, his counsel, and other counsel and parties is untenable. His precious constitutional rights should not be outweighed by the public's need to have a speedy trial and the convenience of the Court's busy calendar.

The "one-table" decision for this high profile and historic jury trial with six alleged major defendants, three of whom have two to three trial counsel, is unwise. The

one table in a relatively smaller courtroom will effectively be a visual "Phone Booth" crammed to the gills.  We understand that this table will be occupied by twelve (or more) persons.  Mr. Isaacs wishes to remind the Court that the table used at the January 20, 2023, final pretrial conference, when only seven counsel and no defendants were present, was cumbersome.  The one table for trial will be a Perfect Storm that causes an unnecessary battle for space--and sadly, all witnessed by the jury.

At trial, this one-table Perfect Storm will house, if you will, multiple laptops, numerous binders of papers and exhibits, and other items.  And where will the extra 1-2 counsel for each defendant be located?  They get to embarrassingly sit significantly away from their client in a front row pew in the audience; such an arrangement is proper for a pro se defendant with standby counsel, but unwieldly for trial counsel who have to move quickly and expeditiously.  Putting aside the historic challenges at best to find a jury in this matter that is suitable to all parties in this matter, this decision simply adds insult to injury during what is expected to be a multiple-week trial.

This one-table decision also imposes a disparity of treatment compared to the United States, which will have relatively ample room to roam.  At the government's table, it will have the benefit of not only being closest to the jury, which is custom, it will have ample room for its five prosecutors, a case agent, and a paralegal.  The one table crammed with twelve defendants and attorneys will give the unduly prejudicial and highly negative message to the jury that the government and the Court do not fully care about them.  Further, insultingly placing 1-2 defense counsel in the front row pew unintentionally encourages the jury to have an unfounded prejudice that such counsel

are the "junior varsity," if you will, and are not worthy or capable of sitting at the table with a client.

In addition, the one table deprives Mr. Isaacs having close and real time communications with *all* of his counsel. Suffice to state that this trial will move with alacrity; the inability of each defendant and counsel to quickly communicate with each other is a huge disadvantage. For Mr. Isaacs, his rights to effective assistance of counsel and due process will be greatly and adversely affected by undue prejudice.

We understand that in the Rhodes I trial, over which this Court presided, there was a much bigger courtroom, plus *two* tables for the five defendants, eight attorneys, and three paralegals. Here, we are not asking *yet* for extra space for any paralegal; however, we are asking for enough space to do our job effectively. The one table is simply insufficient to ensure that Mr. Isaacs and others get a fair trial.

In conclusion, we respectfully ask this Honorable Court to cure what we consider violations of Mr. Isaacs' rights to counsel and due process. In the alternative, we further ask that the Court continue openings (not voir dire) until a more suitable courtroom can be found.

Tuesday 1/31/2023

Respectfully submitted,

*Gene Rossi*

Gene Rossi, Esquire
D.C Bar Number 367250
Carlton Fields, P.A.
Suite 400 West
1025 Thomas Jefferson Street, NW
Washington, DC 20007-5208
Telephone: 202-965-8119

Cell: 703-627-2856
Email: grossi@carltonfields.com

Natalie A. Napierala, Esquire
New York State Bar Number 2445468
Carlton Fields, P.A.
36th Floor
405 Lexington Avenue
New York, NY 10174-0002
Telephone: 212-785-2747
Email: nnapierala@carltonfields.com

Charles M. Greene, Esquire
Florida Bar Number 938963
Law Offices of Charles M. Greene, P.A.
55 East Pine Street
Orlando, FL 32801
Telephone: 407-648-1700
Email: cmg@cmgpa.com

*Counsel for Defendant William Isaacs*

## CERTIFICATE OF SERVICE

I hereby certify that the **MOTION TO CURE RIGHT TO COUNSEL AND DUE PROCESS VIOLATIONS** was filed with the Clerk of the Court via ECF on Tuesday, January 31, 2023.

Respectfully submitted,

*Gene Rossi*

Gene Rossi, Esquire