# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff ) | |
| ) | Criminal Case 21-CR-28 |
| v. ) | |
| ) | Judge Amit P. Mehta |
| WILLIAM ISAACS ) | |
| Defendant ) | |

## AMENDED MOTION IN LIMINE TO SUPPRESS
## AND EXCLUDE ENTIRE PROFFERED EVIDENCE

Defendant William Isaacs, through the undersigned counsel, hereby files an amended motion with this Honorable Court to suppress and bar the Government's use, in any manner whatsoever, of his statements, likeness, acts, reaction, and conduct during a proffer interview ("proffer") amongst the Government, Mr. Isaacs, and his counsel. The reasons for the amended motion are that the Government violated the letter agreement governing the proffer in two significant ways: (1) the proffer was entirely *videotaped* without the consent of Mr. Isaacs and his counsel; and (2) the nonconsensual videotape of the proffer was provided to the Government's retained expert witness (Doctor Galit Askenazi), who viewed and used the videotape prior to trial.

The nonconsensual videotape of the proffer and the use thereof with the Government's expert are direct violations of controlling principles of law, including, but not limited to, the Due Process Clause of the United States Constitution and Fed. R. Evid. 403, as well as Fed. R. Crim. P. 11.

We would be remiss if we did not apologize to the Court for any inconvenience by filing this amended motion to exclude the entire proffer. However, upon further reflection and significant research conducted after the Court recessed on March 3, 2023, Mr. Isaacs' counsel strongly believes that we are compelled to file this amended motion. Thus, we respectfully withdraw the "compromise" proposed to the Court in our March 2, 2023, motion in limine (Docs. 874 and 874-1 (proffer letter)); the compromise proposed in our initial motion is actually inconsistent with case law and Fed. R. Crim. P. 11. Moreover, counsel further believes that the failure to file this amended motion would deny Mr. Isaacs effective assistance of counsel.

In sum, the Government's violation of the precise terms of the proffer agreement by the video recording of the proffer completely vitiates the proffer agreement. If that were not enough, the Government then multiplies the error exponentially by providing it to the Government's retained expert witness. This was an impermissible use of the proffered statements which violated both the proffer agreement and the Constitutional rights of Mr. Isaacs. The Government's breach of the agreement compels this Court to conclude that Rule 11 should control the evidence that was presented and preserved at the proffer and that any use of that evidence is entirely barred.

I. **Background**

We incorporate by reference the factual background set forth in our March 2 motion in limine. The salient facts are not in dispute. Nonetheless, there is additional information of which this Court should be aware.

There can be no dispute that agreeing to the recording of a proffer is a significant decision for Mr. Isaacs and counsel. The evidentiary implications cannot be overstated for obvious reasons. Here, during the Proffer, the Government emphasized that the proffer agreement set forth the agreed terms and conditions of the proffer. Specifically, the proffer agreement is unequivocally limited to the use of Mr. Isaacs' statements to pursue "leads" and as impeachment in the event Mr. Isaacs took an inconsistent position in a later proceeding. Most important, and as this Court inquired of on March 3, the Government failed to insert into the proffer letter that a recording would be made of the proffer. Also, with respect to this crucial issue, at no time *whatsoever* did the Government either ask for or obtain express consent from Mr. Isaacs and or his counsel to make an *audio or video* recording of the proffer before or during the proffer.

The Government's conduct is more troubling than just the videotaping of the *entire* proffer. The Government further violated the express language and spirit of the proffer agreement by providing the video to its proposed expert Doctor Askenazi, who has relied on the video. She has concluded--at least partly based on the proffer—that Mr. Isaacs had lied during her January 6, 2023, evaluation of him. The Government's use of the proffered statements through Doctor Askenazi is, indisputably, a violation of the proffer agreement. Therefore, the entire proffer must be suppressed under Rule 11.

II.     **Legal Argument**

Mr. Issacs incorporates by reference the cases and legal argument referenced in our March 2 motion in limine and provides the following supplementary argument and authority in support of his amended motion to suppress the entire proffer.

### 1. The Government Violated the Proffer Agreement

Proffer agreements must be clearly defined and precise. The reason is that vital constitutional and procedural rights are waived. As the First Circuit so eloquently put it: "The moral of this story is that, especially when dealing with criminal defendants at proffer sessions, the government must turn square corners." *United States v. Melvin*, 730 F. 3d 29, 32 (1st Cir. 2013); *see also United States v. Scott*, 12 F. Supp. 3d 298, 302 (D. Mass. 2014) ("when executing its obligations under a proffer agreement, the government must turn square corners[.]"). The Government far from turned square corners when it negligently leaped to the conclusion that Mr. Isaacs and his counsel had given express consent to the videotaping of the proffer. At the very least, whether there was consent is ambiguous, and all ambiguities in a proffer agreement are construed against the Government, as the case law cited below holds.

### 2. The Use of the Government Expert Further Violated the Proffer Agreement

In addition to violating the proffer agreement by making furtive, nonconsensual video recordings, the Government also violated the agreement by "using" it through its expert in ways not permitted by the agreement. Thus, the agreement is no longer valid.

In *United States v. Jimenez-Bencevi*, 788 F.3d 7 (1st Cir. 2015), the First Circuit *reversed* the conviction of a defendant because his proffered statements were misused when they were provided to a defense expert, *pursuant to the trial court's order arising from a government objection*, even though the defense expert never testified at trial. That case is indistinguishable from the matter before this Court. In that case, with the Government's acquiescence and blessing, the district court made the error of requiring

the defense to give proffered information to its expert. The First Circuit analyzed the facts and law and found that providing the proffered statements to the defense expert (by court order) was a violation of the proffer agreement, which mandated that the entire proffer be suppressed and was more than harmless error necessitating reversal of the conviction.

In the case at bar, the Government's violation of the proffer agreement is even more egregious than in *Jimenez-Bencevi* because the videotaped statements are the fruit of a tainted proffer session.

The case of *United States v. La Luz-Jimenez*, 226 F.Supp.3d 79 (DC Puerto Rico 2017) is also instructive. There, the court analyzes in depth case law construing applicable legal principles in these circumstances. The *La Luz-Jimenez* case is a little different on its fact, but it is indistinguishable on controlling legal principles.

The foregoing case demonstrate that the Government may not use a defendant's Proffer in a manner not permitted by the Proffer Agreement. Moreover, any ambiguities in the Proffer Agreement must be construed against the Government, which drafted the Agreement. *See La Luz-Jimenez* and cases discussed therein. And where the Agreement is violated, the entire proffer must be suppressed because the provisions of Rule 11 control once the proffer agreement is violated, as it clearly was here.

### 3. **Fed. Crim. Rule 11 Bars Use of the Proffer**

When the Government violates a proffer agreement, that agreement is no longer valid, thus, the safeguards of Rule 11 are invoked. *See La Luz-Jimenez*, 226 F. Supp. 3d at

79. Rule 11 bars the use of proffered statements, which are indisputably part of plea bargain negotiations in anticipation of expected charges being considered against a person who is a target of an ongoing investigation. This Court, therefore, should bar the Government from using the illegally obtained proffered statements and information in any way.

    4. **Fed. R. Evid. 403 Bars Use of the Proffer**

We ask again that this Court prohibit the use of the proffered information because of its unduly prejudicial nature under Rule 403.

    III.    **Conclusion**

This Honorable Court should grant the amended motion in limine and bar the Government's use in any way of William Isaacs' statements, likeness, acts, reaction, and conduct during the Proffer. All prior offers to compromise this issue are withdrawn.

Sunday, March 5, 2023                      Respectfully submitted,

                                                 _____/s/_____
                                                 Gene Rossi, Esquire
                                                 Virginia Bar Number 93136
                                                 Carlton Fields, P.A.
                                                 Suite 400 West
                                                 1025 Thomas Jefferson Street, NW
                                                 Washington, DC 20007-5208
                                                 Telephone: 202-965-8119
                                                 Email: grossi@carltonfields.com

                                                 Natalie A. Napierala, Esquire
                                                 New York State Bar Number 2445468
                                                 Carlton Fields, P.A.
                                                 36th Floor
                                                 405 Lexington Avenue
                                                 New York, NY 10174-0002
                                                 Telephone: 212-785-2747

Email: nnapierala@carltonfields.com

Charles M. Greene
Florida Bar Number 938963
Law Offices of Charles M. Greene, P.A.
55 East Pine Street
Orlando, FL 32801
Telephone: 407-648-1700
Email: cmg@cmgpa.com